IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JEFF ELLIS | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: _____ |
| | § | Jury |
| WESTLAKE CHEMICAL CORP | § | |
| Defendant. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Jeff Ellis files this Original Complaint against Westlake Chemical Corporation and in support states as follows:

JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. §1391(c). A substantial part of the events or omissions giving rise to these claims occurred in Harrison County, and Defendant maintains contacts in this district that are sufficient to subject them to personal jurisdiction in this district.

PARTIES

3. Plaintiff Jeffrey Ellis ("Ellis") is a citizen and resident of Harrison County, Texas.

4. Defendant Westlake Chemical Corporation ("Westlake") is a for-profit corporation that currently conducts business in the State of Texas. Westlake can be served through its registered agent: C.T. Corporation System, Inc., 350 N. St. Paul St., Dallas, TX 75201.

## BACKGROUND FACTS

5. Ellis was initially hired as a laboratory operator in 1996 by Texas Eastman, Westlake's predecessor. He was promoted to lab technician in approximately 2001 and remained in that position until his wrongful termination.

6. In approximately December 2006 Westlake Chemical Corp purchased Texas Eastman's polyethylene business. Ellis, along with other Eastman employees affected by the purchase, was transferred into the new company with his same position.

7. In April 2010 Ellis requested time off of work because of his own serious medical condition. Because the need for leave was foreseeable, Ellis provided detailed information of his health issue in his leave request. Ellis provided this information to his supervisor, David Sowell ("Sowell").

8. Ellis began FMLA leave in April 2010. Ellis returned to work approximately eight weeks later. Upon his return, Ellis was ridiculed in front of his coworkers about why he had been out of work. Sowell called Ellis a "bitch" in front of other employees and made comments that Ellis had been castrated.  Ellis was shocked that Sowell had shared his private medical information with several coworkers.

9. Ellis filed a formal complaint with the company on January 11, 2011 because of the retaliation from Sowell. By this time, Sowell had already retaliated against Ellis by unjustly writing him up and by failing to follow company policies consistently. On February 18, 2011 Ellis again provided written notice to the company that he felt he was being discriminated against.

10. Ellis was terminated on March 2, 2011 and was simply told it was not working out. This is clearly pretext for intentional retaliation.

## COUNT 1: FMLA RETALIATION

11. Ellis was an "eligible employee," as that term is defined in 29 USC §2611(2)(A). He was employed by Westlake for at least 12 months, and had worked at least 1,250 hours during the 12-month period preceding his request for leave.

12. Westlake was a "covered employer," as that term is defined in 29 USCA 2611(4)(A)(I). Westlake was engaged in commerce, and it employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2009 or 2010.

13. Ellis provided his employer detailed, personal medical information in his request for FMLA leave. His supervisor then ridiculed him in front of his coworkers for the reasons he needed FMLA leave. When Ellis complained about how Sowell retaliated against him, he was terminated.

14. Westlake interfered with Ellis's FMLA rights by terminating him in retaliation for his exercise of FMLA-protected rights.

15. Westlake's violation of the FMLA was willful or in reckless disregard of Ellis's statutory rights. The violation was not in good faith, and Westlake had no reasonable grounds to believe that it was not violating the FMLA.

## DAMAGES

16. As a result of his wrongful termination, Ellis has suffered damages in the form of lost wages and benefits. Ellis is entitled to back pay, plus interest on that amount, to compensate him for that damage. 29 USC § 2617(a)(1)(A)(i)-(ii).

17. Ellis is also entitled to statutory liquidated damages in an amount equal to the amount awarded as back pay with interest. 29 USC § 2617(a)(1)(A)(iii).

18. Because his damages are ongoing and unlikely to subside in the near future, Ellis is also entitled to the equitable remedy of front-pay. 29 USC § 2617(a)(1)(B).

19. Ellis has also had to retain the services of an attorney as a result of his wrongful termination, and is entitled to recover the attorneys' fees, witness fees, and court costs he has already incurred and that he will continue to incur as this cause proceeds. 29 USC § 2617(a)(3).

## JURY DEMAND

20. Ellis requests a jury trial in this cause.

Respectfully submitted,

/s/ Stephen E. Hammel
Stephen E. Hammel
State Bar No. 24043710
shammel@hammellaw.com
3102 Maple Avenue, Suite 400
Dallas, Texas 75201
PH:   (214) 953-9359
FX:   (214) 953-9360

ATTORNEY FOR PLAINTIFF